## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,⁣⁣    )
⁣⁣    )
⁣⁣    Plaintiff,⁣⁣    )
⁣⁣    )
v.⁣⁣    )⁣⁣    Case No. 11-CR-0149-CVE
⁣⁣    )
CHANTZ GERMAINE PATTERSON,⁣⁣    )
a/k/a Chantz Terrance Patterson,⁣⁣    )
a/k/a Chank,  and⁣⁣    )
CALVIN SHOBE,⁣⁣    )
a/k/a Koo-G,⁣⁣    )
⁣⁣    )
⁣⁣    Defendants.⁣⁣    )

## OPINION AND ORDER

Now before the Court are plaintiff's Motion for Continuance of Jury Trial (Dkt. # 72) and

Defendant Patterson's Memorandum to Officially Assert His of [sic] Rights under the Speedy Trial

Act (Dkt. # 71). The government asks the Court to continue the jury trial of this case while

defendant Calvin Shobe is undergoing a mental competency evaluation, because the government has

a strong interest in trying Shobe and defendant Chantz Germaine Patterson in a single trial.

Patterson has asserted his rights under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and objects

to the government's request for a continuance.

On September 8, 2011, the grand jury returned an indictment charging Joseph Paul Beeson,

III, Patterson, and Shobe with conspiracy to commit an offense against the United States (count

one), bank robbery (count two), and possession of a firearm in furtherance of a crime of violence

(count three). Dkt. # 31. Patterson was also charged with possession of a firearm after former

felony conviction (count four). Id. at 7. Shobe requested a competency evaluation and the

government did not oppose Shobe's motion. Dkt. # 48. Shobe's motion was referred to a magistrate

judge. The magistrate judge granted Shobe's motion and set a competency hearing for November 29, 2011. Dkt. # 57. Patterson filed a motion to sever his trial from that of his co-defendants, because his co-defendants made post-arrest statements implicating Patterson in the alleged crimes and the co-defendants would not be likely to testify at trial. Dkt. # 51. The Court denied the motion to sever. Dkt. # 61. The pretrial conference was scheduled for October 11, 2011 and Patterson appeared with his attorney. Before the pretrial conference, Beeson changed his plea to guilty as to counts two and three of the indictment, and the Court advised Patterson of Beeson's change of plea. See Dkt. # 63. At the pretrial conference, the Court and the parties discussed the difficulty of proceeding with the jury trial set for October 17, 2011 while Shobe was awaiting his competency evaluation. Patterson did not oppose a continuance of the trial date, and his attorney stated on the record that Patterson would prefer a joint trial with Shobe. Upon agreement of the parties, the Court struck the pretrial conference and reset the jury trial for December 19, 2011. Dkt. # 62.

Shobe's competency evaluation was not completed in time for the November 29, 2011 hearing, and the magistrate judge reset the competency hearing for February 7, 2012. Dkt. ## 69, 70. If the Court proceeds with the trial as currently scheduled, Shobe will not be present due to his competency proceedings and the sole defendant at trial will be Patterson. The government requests a continuance of the trial to a date after Shobe's competency hearing, because the government will not be able to proceed with a joint trial of Shobe and Patterson if the trial remains set for December 19, 2011. The government also states that it intends to seek a superseding indictment against Shobe and Patterson no later than January 2012, with new charges based an alleged conspiracy to rob a second bank. Dkt. # 72, at 3. Patterson argues that any further continuances of the trial date would

be unreasonable, and he asserts that he has a right to be tried on December 19, 2011, regardless of Shobe's availability for trial. Dkt. # 71, at 2.

Under the Speedy Trial Act, "[a] period of reasonable delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" is excludable from the 70 day speedy trial clock. 18 U.S.C. § 3161(h)(6). As stated by the Tenth Circuit, "an exclusion for delay 'attributable to one defendant is applicable to all co-defendants.'" United States v. Vogl, 374 F.3d 976, 983 (10th Cir. 2004) (quoting United States v. Mobile Materials, Inc., 871 F.2d 902, 915 (10th Cir. 1989)). Some exclusions under the Speedy Trial Act are discretionary and some are automatic. The Speedy Trial automatically excludes any "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant . . . ." 18 U.S.C. § 3161(h)(1)(A). This section excludes all time from the filing of a motion for competency evaluation until the completion of competency proceedings. United States v. James, 418 Fed. Appx. 751, 753 (10th Cir. Apr. 4, 2011).[1]

It is clear that any period of delay resulting from a mental competency examination of Shobe is excludable as to Shobe and Patterson, and their speedy trial clock will not resume until Shobe's competency evaluation is completed. Any delay resulting from Shobe's competency evaluation is automatically excludable under § 3161(h)(1)(A), and this time is also excludable as to Shobe's co-defendant Patterson. However, Patterson argues that it would be unreasonable to require him to wait for the completion of Shobe's competency evaluation. The Tenth Circuit has directed district courts

---

[1]     Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

to consider three factors to determine the reasonableness of attributing an excludable delay caused by one co-defendant to all co-defendants in a multiple defendant case. First, the Court should consider if the defendant has been released pending trial or is in pretrial custody. United States v. Tranakos, 911 F.2d 1422, 1426 (10th Cir. 1990). Patterson is in pretrial custody due to the serious risk that he will endanger the safety of another person or the community. Dkt. # 25, at 2. The second factor is whether the defendant zealously pursued his right to a speedy trial. James, 418 Fed. Appx. at 753-54. Although defendant objects to the government's current request for a continuance, he did not object to a prior two month continuance of the trial date. Dkt. # 62. In fact, he expressed a preference for a continuance if it would result in a joint trial with Shobe. The third and most important factor is whether judicial economy favors a joint trial. James, 418 Fed. Appx. at 754. "Where the government will recite a single factual history, put on a single array of evidence, and call a single group of witnesses, a single trial is preferred." Vogl, 374 F.3d at 984. In this case, Shobe and Patterson are charged with conspiracy to commit an offense against the United States and the government states it likely will seek a superseding indictment adding a new conspiracy charge. Dkt. # 72, at 3. The government states that each conspiracy is based on the same modus operandi, because each conspiracy involves allegations that defendants conspired with a third party to rob a bank on their behalf while they kept the proceeds and any firearm used during the robbery. Id. The government also states that its case against each defendant is based on the same facts and evidence, and the same witnesses will offer testimony as to the charges against both defendants.

The Court finds that it is reasonable to attribute to Patterson the period of delay resulting from Shobe's competency evaluation and gives substantial weight to the third factor. It would be a waste of judicial and prosecutorial resources to try the charges against Shobe and Patterson

separately when the charges against both defendants involve a conspiracy charge and substantially the same evidence. The Court also notes that Patterson's assertion of his speedy trial rights is somewhat equivocal considering his prior agreement to a continuance in order to preserve a joint trial with Shobe. Patterson has apparently changed his trial strategy, but this is not the type of zealous assertion of his right to a speedy trial that would overcome the benefits of a joint trial.

The government asks the Court to set the case on the February 2012 jury trial docket, but the Court finds that this would not give Shobe sufficient time to prepare for trial if he is determined to be competent to stand trial. The Court has calculated the speedy trial clock assuming that the competency hearing will occur on February 7, 2012, and has determined that this matter must be set for a jury trial no later than April 6, 2012 to comply with the Speedy Trial Act. Thus, the Court will set this case on the March 2012 jury trial docket.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Continuance of Jury Trial (Dkt. # 72) is **granted**. The pretrial set for December 8, 2011 and jury trial set for December 19, 2011 are **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | February 13, 2012 |
| Responses due: | February 27, 2012 |
| PT/CP/Motions Hearing: | **March 8, 2012 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | March 12, 2012 |
| Jury Trial: | **March 19, 2012 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the full period of delay resulting from Shobe's mental competency proceedings is excludable under § 3161(h)(1)(A) of the Speedy Trial Act.

**DATED** this 1st day of December, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT