UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CR-0149-003-CVE |
| ) | |
| CALVIN SHOBE, ) | |
| a/k/a Koo-G, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion for Writ of Habeas Corpus/Vacate Sentence pursuant to the United States Supreme Courts rulings in [Welch] and [Johnson] (Dkt. # 293). Defendant asks the Court to vacate his sentence and resentence him in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

On September 8, 2011, a grand jury returned an indictment charging defendant with conspiracy to commit an offense against the United States (count one), bank robbery with a dangerous weapon (count two), possession of a firearm during and in relation to a crime of violence (count three), and being a felon in possession of a firearm (count four). Dkt. # 31. The charges stemmed from the robbery of an Arvest Bank located in Tulsa, Oklahoma. A superseding indictment (Dkt. # 80) was filed on January 5, 2012 adding charges of conspiracy (count five), bank robbery with a dangerous weapon (count six), and possession of a firearm during and in relation to a crime of violence (count seven), because the government learned of a second bank robbery in which defendant was involved. Defendant exercised his right to a jury trial and he was convicted on all counts. Dkt. # 164. Defendant was on notice before the trial began that he would receive a statutory mandatory minimum sentence of 30 years which would run consecutively to any other

sentence imposed if he were convicted of counts three and seven. Dkt. # 209, at 3. Defendant was sentenced to a total term of imprisonment of 397 months. He received sentences of 37 months as to counts one, two, four, five, and six, and the sentences for these counts were ordered to run concurrently with each other. Defendant received sentences of 60 months as to count three and 300 months as to count seven, and the sentences for counts three and seven were ordered to run consecutively to each other and to any other sentence imposed. As to count four, defendant was not sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). Defendant filed a notice of appeal and challenged the substantive reasonableness of his sentence, and his sentence was affirmed on direct appeal. Dkt. # 235. Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and he argued that he received ineffective assistance of counsel at trial and at sentencing. The Court denied defendant's § 2255 motion, and defendant did not seek a certificate of appealability from the Tenth Circuit Court of Appeals. Dkt. # 285.

Defendant argues that he is entitled to relief under Johnson, but he has already filed a § 2255 motion and his motion must be construed as a second or successive § 2255 motion. In re Encinias, ___ F.3d. ___, 2016 WL 1719323 (10th Cir. Apr. 29, 2016) (granting leave to file a second or successive § 2255 motion asserting a Johnson claim). This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In order for a federal prisoner to proceed under § 2255(h)(2), the Supreme Court must explicitly hold that a new rule applies to cases on collateral review. Bey v. United States, 399 F.3d 1266 (10th Cir. 2005).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Defendant has already filed a motion under § 2255 and he must obtain permission from the Tenth Circuit to file a second or successive § 2255 motion. Defendant is correct that Johnson has been made retroactively applicable to cases on collateral review, but he is still obligated to request leave from the Tenth Circuit to proceed with a second or successive § 2255. Even if the Court

could consider defendant's argument, it is apparent that <u>Johnson</u> has no impact on defendant's sentence. Defendant was convicted of being a felon in possession of a firearm (court four), but he was not sentenced under the ACCA. Instead, defendant was subject to a statutory maximum of 10 years under § 924(a) and he was sentenced to 37 months on count four. Defendant could be arguing that <u>Johnson</u> also applies to the United States Sentencing Guidelines if a defendant was sentenced as a career offender based on a crime of violence as defined in the sentencing guidelines. However, defendant was not classified as a career offender and his sentence was not enhanced because any of his prior convictions were considered crimes of violence. Instead, the length of defendant's sentence was driven by the multiple § 924(c) convictions and <u>Johnson</u> has no effect on defendant's sentence. The Court declines to transfer defendant's motion to the Tenth Circuit and finds that defendant's motion should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Motion for Writ of Habeas Corpus/Vacate Sentence pursuant to the United States Supreme Courts rulings in [<u>Welch</u>] and [<u>Johnson</u>] (Dkt. # 293) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 24th day of May, 2016.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE