# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 11-CR-0149-003-CVE |
| CALVIN SHOBE, a/k/a Koo-G, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is defendant's letter (Dkt. # 315) in which he asks the Court to vacate his convictions under 18 U.S.C. §§ 922(g) and 924(c), and he requests that the Court appoint counsel to assist him. The Court finds that defendant's letter should be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

On September 8, 2011, a grand jury returned an indictment charging defendant with conspiracy to commit an offense against the United States (count one), bank robbery with a dangerous weapon (count two), possession of a firearm during and in relation to a crime of violence (count three), and being a felon in possession of a firearm (count four). Dkt. # 31. The charges stemmed from the robbery of an Arvest Bank located in Tulsa, Oklahoma. A superseding indictment (Dkt. # 80) was filed on January 5, 2012 adding charges of conspiracy (count five), bank robbery with a dangerous weapon (count six), and possession of a firearm during and in relation to a crime of violence (count seven), because the government learned of a second bank robbery in which defendant was involved. Defendant exercised his right to a jury trial and he was convicted on all counts. Dkt. # 164. Defendant was on notice before the trial began that he would receive a statutory

mandatory minimum sentence of 30 years which would run consecutively to any other sentence imposed if he were convicted of counts three and seven. Dkt. # 209, at 3. Defendant was sentenced to a total term of imprisonment of 397 months. He received sentences of 37 months as to counts one, two, four, five, and six, and the sentences for these counts were ordered to run concurrently with each other. Defendant received sentences of 60 months as to count three and 300 months as to count seven, and the sentences for counts three and seven were ordered to run consecutively to each other and to any other sentence imposed. As to count four, defendant was not sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). Defendant filed a notice of appeal and challenged the substantive reasonableness of his sentence, and his sentence was affirmed on direct appeal. Dkt. # 235. Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 257), and he argued that he received ineffective assistance of counsel at trial and at sentencing. The Court denied defendant's § 2255 motion, and defendant did not seek a certificate of appealability from the Tenth Circuit Court of Appeals. Dkt. # 285.

Defendant filed a § 2255 motion (Dkt. # 293) seeking relief under Johnson v. United States, 135 S. Ct. 2551 (2015), but he did not obtain authorization from the Tenth Circuit to proceed with a second or successive § 2255 motion. The Court dismissed defendant's motion for lack of jurisdiction, and it appears that defendant did not subsequently obtain authorization from the Tenth Circuit to proceed with a Johnson claim. Defendant filed a motion (Dkt. # 307) seeking relief under Sessions v. Dimaya, 138 S. Ct. 1204 (2018). The Court found that the motion was a second or successive § 2255 motion and dismissed it for lack of jurisdiction. Dkt. # 308. Defendant now claims that the Supreme Court has found that 18 U.S.C. §§ 922(g) and 924(c) are wholly unconstitutional, and asks the Court to vacate his convictions under those statutes. Defendant cites

Rehaif v. United States, 139 S. Ct. 2191 (2019), in which the Supreme Court interpreted the "knowingly" requirement of § 922(g). However, the Court did not invalidate § 922(g), and the statute remains in effect. Defendant cites United States v. Davis, 139 S. Ct. 2319 (2019), for the proposition that § 924(c) has been declared unconstitutional. However, Davis merely held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague, and the statute has not been declared unconstitutional in its entirety.

The Court has construed defendant's letter (Dkt. # 315) as a § 2255 motion, but defendant has previously filed a § 2255 motion (Dkt. # 257) that was denied. See Dkt. # 285. The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

3

Under § 2255(h), a defendant is permitted to file a second or successive § 2255 motion based on claims of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Defendant cites two recent decision by the Supreme Court and he claims that statutes upon which three of his convictions are based have been declared unconstitutional. Defendant misrepresents the holdings of Rehaif and Davis and, in any event, neither of these cases has been made retroactively applicable to cases on collateral review. Even if Davis were retroactively applicable, it would have no effect on defendant's convictions under § 924(c). The superseding indictment (Dkt. # 80) alleges that defendant used or carried a firearm during and in relation to the crime of bank robbery, and the Tenth Circuit has found that bank robbery has as an element the use or threatened use of force. See United States v. McCranie, 889 F.3d 677 (10th Cir. 2018) (bank robbery is a crime of violence under the elements clause of § 4B1.2(a)(1) of the United States Sentencing Guidelines, which is identical to the elements clause of § 924(c)(3)(A)). Rehaif would likewise have no effect on the validity of defendant's conviction under § 922(g), because there is no dispute that he knew he was a prohibited person who could not lawfully possess a firearm. The Court finds that there is no risk that a meritorious claim will be lost if defendant's motion is not transferred to the Tenth Circuit, and defendant's motion (Dkt. # 315) should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 315) is **dismissed for lack of jurisdiction**. A separate judgment of dismissal is entered herewith.

**DATED** this 11th day of July, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE