IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CR-0149-003-CVE |
| | ) | (20-CV-0265-CVE-JFJ) |
| CALVIN SHOBE, | ) | |
| a/k/a Koo-G, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant's successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 346) and plaintiff's motion to dismiss defendant's successive § 2255 motion (Dkt. # 353). Defendant has obtained authorization from the Tenth Circuit Court of Appeals to proceed with a second or successive § 2255 motion asserting a claim under United States v. Davis, 139 S. Ct. 2319 (2019), and he argues that conspiracy to commit bank robbery is not a crime of violence under the elements clause of § 924(c). He could also be arguing that he did not actually the crime of bank robbery with a dangerous weapon using sufficient force or violence to qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A).

On September 8, 2011, a grand jury returned an indictment charging defendant with conspiracy to commit an offense against the United States (count one), bank robbery with a dangerous weapon (count two), possession of a firearm during and in relation to a crime of violence (count three), and being a felon in possession of a firearm (count four). Dkt. # 31. The charges stemmed from the robbery of an Arvest Bank located in Tulsa, Oklahoma. A superseding indictment (Dkt. # 80) was filed on January 5, 2012 adding charges of conspiracy (count five), bank robbery

with a dangerous weapon (count six), and possession of a firearm during and in relation to a crime of violence (count seven), because plaintiff learned of a second bank robbery in which defendant was involved. Defendant exercised his right to a jury trial and he was convicted on all counts. Dkt. # 164. Defendant was on notice before the trial began that he would receive a statutory mandatory minimum sentence of 30 years which would run consecutively to any other sentence imposed if he were convicted of counts three and seven. Dkt. # 209, at 3. Defendant was sentenced to a total term of imprisonment of 397 months. He received sentences of 37 months as to counts one, two, four, five, and six, and the sentences for these counts were ordered to run concurrently with each other. Defendant received sentences of 60 months as to count three and 300 months as to count seven, and the sentences for counts three and seven were ordered to run consecutively to each other and to any other sentence imposed. As to count four, defendant was not sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). Defendant filed a notice of appeal and challenged the substantive reasonableness of his sentence, and his sentence was affirmed on direct appeal. Dkt. # 235. Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and he argued that he received ineffective assistance of counsel at trial and at sentencing. The Court denied defendant's § 2255 motion, and defendant did not seek a certificate of appealability from the Tenth Circuit Court of Appeals. Dkt. # 285. Defendant has filed other motions for post-conviction relief in this Court that were construed as second or successive § 2255 motions, and the motions were dismissed for lack of jurisdiction. Dkt. ## 293, 307, 315.

Defendant sought authorization from the Tenth Circuit to proceed with a claim challenging his convictions under 18 U.S.C. § 924(c) in light of the Supreme Court's decision in Davis, and he also sought to challenge his conviction for being a felon in possession of a firearm under Rehaif v.

United States, 139 S. Ct. 2191 (2019). The Tenth Circuit granted defendant authorization to proceed with a Davis claim but denied his request to proceed with a claim under Rehaif. Dkt. # 345. The Court ordered plaintiff to file a response to defendant's successive § 2255 motion (Dkt. # 346), and plaintiff has filed a motion to dismiss on the ground that defendant's successive § 2255 motion does not actually rely on a new rule of constitutional law that has been made retroactive to cases on collateral review. Dkt. # 353.

In order for the Court to issue a decision on the merits of defendant's motion, the Court must determine if defendant is actually relying on a new rule of constitutional law as required by § 2255(h). There are two "procedural gates" that a person seeking relief under § 2255(h) must satisfy:

> (1) a prima facie showing to the court of appeals that the motion satisfies the requirements of § 2255(h), defined as "a sufficient showing of possible merit to warrant a fuller exploration by the district court" and
>
> (2) a determination by the district court that the petition does, in fact, satisfy those requirements.

United States v. Pullen, 913 F.3d 1270, 1276 (10th Cir. 2019). Defendant has satisfied the first procedural gate by obtaining authorization from the Tenth Circuit to proceed with a second or successive § 2255 motion, and this Court must determine whether defendant's § 2255 motion actually relies on a new rule of constitutional law made retroactive to cases on collateral review. In the context of reviewing the validity of a § 924(c) conviction, a district court must review the record to determine if there is any mention of the residual clause in the PSR or sentencing pleadings, and the district court must determine whether it would have been necessary to rely on the residual clause to sustain the conviction. United States v. Copeland, 921 F.3d 1233, 1242 (10th Cir. 2019). The Court has reviewed the PSR, the sentencing pleadings, and a transcript of the sentencing hearing,

and there is no mention of the residual clause. The Court will consider whether it would have been necessary to rely on the residual clause to sustain defendant's § 924(c) convictions.

Defendant argues that conspiracy to commit bank robbery is not a crime of violence under the elements clause of § 924(c), because he did not actually enter the bank and the act of joining a conspiracy to rob a bank does not involve the use of force or violence.[1] Dkt. # 346, at 4-5. In Johnson, the Supreme Court considered whether the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), was unconstitutionally vague. Johnson, 135 S. Ct. at 2556. The ACCA provided that a "violent felony" was:

> any crime punishable by imprisonment for a term exceeding one year . . . that
>
> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

Id. at 2555 (emphasis in original). The final clause of this section of the statute was known as the residual clause. The Supreme Court considered its prior cases interpreting the residual clause and noted the uncertainty in its prior decisions, and found that "this Court's repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause confirm its hopeless indeterminacy." Id. at 2558. The Supreme Court found that the residual clause was unconstitutionally vague, but the Supreme Court did not call into question the validity of the remainder of the ACCA. Id. at 2563. In subsequent decisions, the Supreme Court applied the

---

[1]  Defendant could be arguing that he is actually innocent of the bank robbery charges, because he never entered the bank during the robbery. That issue is outside of the scope of the authorization to proceed with a second or successive § 2255 motion and will not be considered in this Opinion and Order.

4

reasoning of Johnson to other statutes with similar language, and in two cases found that a residual clause in a federal criminal statute was unconstitutionally vague. Sessions v. Dimaya, 138 S. Ct. 1204 (2018) (finding the residual clause of 18 U.S.C. § 16(b) was unconstitutionally vague because it provided no objective way to determine what crimes may ordinarily fit within the definition or what level of risk would be needed to commit a qualifying offense); Davis, 139 S. Ct. 2319 (finding the residual clause of § 924(c)(3)(B) unconstitutionally vague under the reasoning of Johnson). The Tenth Circuit has determined that Davis announced a new rule of constitutional law that is retroactively applicable to cases on collateral review. In re Mullins, 942 F.3d 975, 979 (10th Cir. 2019).

In this case, defendant was convicted of conspiracy to commit an offense against the United States (counts one and five), bank robbery with a dangerous weapon (counts two and six), and using, carrying, or brandishing a firearm during and in relation to a crime of violence (counts three and seven). The superseding indictment (Dkt. # 80) identifies count two as the crime of violence during which defendant used, carried, or brandished a firearm for the § 924(c) charge as to count three, and the § 924(c) charged alleged in count seven relied upon the bank robbery charge in count six as the crime of violence. Defendant argues that his § 924(c) convictions are no longer valid, because conspiracy to commit bank robbery could only meet the statutory definition of "crime of violence" under the residual clause that was found unconstitutional in Davis. Dkt. # 352, at 4, 9. He could also be arguing that he did not personally enter the bank or commit an act requiring violence or physical force, and he did not actually commit the offense of bank robbery with a dangerous weapon in a violent manner. Dkt. # 346, at 4-5; Dkt. # 352, at 4-5, 10-13. When defendant was convicted, a "crime of violence" could be any offense that:

5

> (A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (B) is the residual clause that was found unconstitutional in Davis, and an offense must now qualify under § 924(c)(3)(A), known as the elements clause, in order to serve as a predicate offense for a § 924(c) conviction.

Defendant's argument to vacate his § 924(c) convictions is based on the mistaken premise that the predicate offense for these convictions was conspiracy to commit bank robbery. The superseding indictment clearly identifies the crime of violence for count three as "Bank Robbery with a Dangerous Weapon, a violation of Title 18, United States Code, Sections 2113(a) and 2113(d)." Dkt. # 80, at 5. As to count seven, the superseding indictment alleges that the underlying crime of violence for this § 924(c) charge was count six, which was also a charge of bank robbery with a dangerous weapon in violation of § 2113(a) and (d). Section 2113(a) provides that "[w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of" any bank. The maximum sentence for a conviction under § 2113(a) is 20 years. However, the statutory maximum increases to 25 years if the person committing the offense "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(d). The Tenth Circuit has not issued a published decision on the precise issue of whether an offense under § 2113(a) and (d) satisfies the elements clause of § 924(c)(3)(A), but there are several unpublished decisions finding that bank robbery with a dangerous weapon is a crime of violence

under the elements clause of § 924(c)(3)(A). United States v. Rinker, 746 F. App'x 769, 771-72 (10th Cir. Aug. 21, 2018); United States v. Hill, 745 F. App'x 77, 78-79 (10th Cir. Aug. 9, 2018); United States v. Smith, 730 F. App'x 710, 711 (10th Cir. July 6, 2018).[2] Other federal circuit courts of appeals have found that bank robbery with a dangerous weapon is a crime of violence under § 924(c)(3)(A). Wingate v. United States, 969 F.3d 251, 264 (6th Cir. 2020); King v. United States, 965 F.3d 60, 71 (1st Cir. 2020); United States v. Smith, 957 F.3d 590, 594 (5th Cir. 2020); In re Pollard, 931 F.3d 1318 (11th Cir. 2019). The Court finds that defendant's conviction under § 924(c) remains valid after Davis, because the underlying offense of bank robbery with a dangerous weapon is a crime of violence under the elements clause of § 924(c)(3)(A).

Defendant could be arguing that aiding and abetting the crime of bank robbery with a dangerous weapon would not qualify as a crime of violence and that he did not actually commit a violent act in furtherance of the crime of bank robbery. Dkt. # 346, at 4-5; Dkt. # 352, at 4-5; 10-15. In United States v. Bowen, 527 F.3d 1065 (10th Cir. 2008), the Tenth Circuit explained that a defendant convicted under an aiding and abetting theory to the crime of violence underlying a § 924(c) charge is guilty as a principal to the underlying offense, and a conviction under an aiding and abetting theory is not predicated upon an agreement or conspiracy to commit the crime of violence. Id. at 1078-79. Therefore, a person who aids and abets the crime of bank robbery with a dangerous weapon is criminally liable to the same extent as the person who enters the bank and directly commits an act of violence. Defendant also argues that he did not enter a bank during either robbery and he did not personally commit an act requiring physical force or violence. Dkt. # 346, at 4-5.

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

However, courts apply a categorical approach to determine if an offense qualifies as a crime of violence. United States v. Muskett, 970 F.3d 1233, 1239 (10th Cir. 2020). Under this approach, a court does not consider how the crime was actually committed by the defendant to determine if a crime falls under the elements clause, but the court considers "the minimum force required to commit the crime . . . and then 'determine[s] if that force categorically fits the definition of physical force.'" Id. The Court has already determined that bank robbery with a dangerous weapon is a categorically a crime of violence under the elements clause of § 924(c)(3)(A), and defendant's allegations concerning his role in the bank robberies have no bearing on the status of these offenses as crimes of violence under § 924(c). Davis has no impact on the validity of defendant's § 924(c) convictions and his successive § 2255 motion does not actually rely upon a new rule of constitutional law that has been made retroactive to cases on collateral review. Plaintiff's motion to dismiss (Dkt. # 346) should be granted and defendant's successive § 2255 motion (Dkt. # 353) should be dismissed.

Pursuant to 28 U.S.C. § 2253, a defendant is required to obtain a certificate of appealability (COA) before appealing a final order in a proceeding under 28 U.S.C. § 2255. Section 2253(c) instructs that the court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A defendant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a COA should not issue because defendant has not made a substantial showing of the denial of a constitutional right. The

Court does not find that the issues raised by defendant are debatable among jurists or that the Tenth Circuit would resolve the issues differently, and defendant has not made a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED** that defendant's successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 346) is **dismissed**, and plaintiff's motion to dismiss defendant's successive § 2255 motion (Dkt. # 353) is **granted**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability as to any issue raised in defendant's § 2255 motion (Dkt. # 346).

**DATED** this 23rd day of November, 2020.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE